IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1742-02






MICHAEL SANDERS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


SMITH COUNTY






 Meyers, J., filed a dissenting opinion in which Price, J., joined.


DISSENTING OPINION


 I disagree with the majority's conclusion that the Court of Appeals misapplied the
legal sufficiency standard. The court viewed the evidence in the light most favorable to the
jury verdict and determined that no rational trier of fact could find the essential elements of
the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.
Ct. 2781, 2789, 61 L. Ed. 2d 560 (1973) ("The task of an appellate court is to consider all
of the evidence and reasonable inferences therefrom in the light most favorable to the
jury's verdict and to determine whether, based on that evidence and those inferences, a
rational jury could have found beyond a reasonable doubt the elements of the offense.") 
Because the court used the correct standard, we should not re-do the sufficiency review or
reverse the judgment simply because the Court of Appeals reached a conclusion different
from the majority's. See Arcila v. State, 834 S.W.2d 357, 361 (Tex. Crim. App.1992)
("Even if our own decision might have been different on the question presented, we cannot
accept the proposition that an appellate court's judgment ought to be subject to reversal on
such basis, at least when the evidence is sufficient to support it. Doing so only tends to
undermine the respective roles of this and the intermediate courts without significant
contribution to the criminal jurisprudence of the State. This Court should reserve its
discretionary review prerogative, for the most part, to dispel any confusion generated in the
past by our own case law, to reconcile settled differences between the various courts of
appeals, and to promote the fair administration of justice by trial and appellate courts
throughout Texas.") overruled by Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App.
1997). Thus, the question for this Court on discretionary review is not whether the
conclusion of the Court of Appeals was correct, but whether it used the correct legal
standards to arrive at that conclusion. 

 The State argues that the Court of Appeals used the incorrect standard for a legal
sufficiency review because it refers to the weight of the evidence. However, the court's
only reference to the weight of the evidence is to say that it will NOT re-weigh the
evidence. Instead, the reviewing court defers to the jury's verdict and considers only
whether the jury's conclusion was rationally based on finding the elements of the offense
beyond a reasonable doubt. The legal sufficiency standard requires the reviewing court to
look only at the evidence supporting the verdict and to presume that any conflicts in the
evidence were resolved in favor of the prosecution. See Jackson v. Virginia, 433 U.S. at
326 ("When the court is faced with a record of historical facts that supports conflicting
inferences, it must presume -- even if it does not affirmatively appear in the record -- that
the trier of fact resolved any such conflicts in favor of the prosecution."). 

 However, this is not a case where there is conflicting testimony about the elements
of the offense. Rather, there is no direct evidence to connect the appellant to the offense,
only circumstantial evidence. The Court of Appeals held that the circumstantial evidence
was not sufficient to prove the elements of the offense beyond a reasonable doubt. In other
words, the jury could not have reasonably inferred from the evidence that appellant
committed the offense. The Court of Appeals did not weigh conflicting testimony and
overturn the jury verdict by deciding in favor of the appellant-it simply decided that there
was insufficient evidence to prove the elements of the offense. There was no evidence that
appellant ever entered the habitation. The witness who saw two men removing objects from
the residence did not identify appellant as one of the two men that he had seen. While
appellant was identified by the victim as being at the residence later that day, there was no
entry and no theft that occurred at that time. The circumstantial evidence that appellant was
at the residence later on the day of the burglary is simply not sufficient to prove beyond a
reasonable doubt that he committed the burglary that morning.

 The Court of Appeals used the correct standard for legal sufficiency and it was
within their authority to find that the evidence supporting the jury's verdict was insufficient
to prove the elements of the offense beyond a reasonable doubt. Because the majority fails
to restrict its opinion to the question for review that was granted (whether the Court of
Appeals used the correct standard) I respectfully dissent.

 Meyers, J.


Filed: November 5, 2003

Publish